## No. 145.

### THE STATE EX REL. W. M. HUNTER VS. R. L. CAPERS.

In a contest for the office of justice of the peace, under the Intrusion into Office Act, two commissions had issued, one to each of the litigants. In the last commission there was recital that the first commission had issued in error. *Held*, that the second commission was the higher authority, and the one holding it had a *prima facie* right to the office.

APPEAL from the Tenth District Court, Parish of Red River. *Hall*, J.

*John C. Pugh*, District Attorney, and *James F. Pierson* for the Relator:

When the question involved is the title to an office, and on the trial two commissions are presented, one by each of the claimants, and the question of right depends solely and exclusively upon the commissions, the latest in date will be presumed to confer the better right. Manning's U. Cases, p. 75; 16 A. 438; 19 A. 210.

*L. B. Watkins* and *S. A. Hull* for Defendant and Appellant:

1. An election commission signed by the Governor is *prima facie* evidence until rebutted and set aside, after a *contest*, according to law. Collin vs. Knoblock, 25 Ann. 264; State

ex rel. Ford vs. Miltenberger, 33 Ann 266; State ex rel. Collins vs. Jumel, 30 Ann. 861; State ex rel. Vienne vs. Hyams, 12 Ann. 719; sec. 54 of Act 100 of 1870.

2. The intrusion-into-office law only contemplates cases in which the parties hold *adverse* muniments of title importing right in the holder—to cases where one of the litigants claims by a certificate of election, and the other by appointment, exhibiting his commission. Collin vs. Knoblock. 25 Ann. 264; State ex rel. Ford vs. Miltenberger, 33 Ann. 265; State ex rel. Bonner vs. Lynch, 25 Ann. 267.

3. In the absence of any statutory authorization, the courts are without jurisdiction *ratio materiæ* to entertain the case of a contested election, and then only to the extent and in the manner provided. State vs. Judge, 13 Ann. 89; Ford vs. Miltenberger, 33 Ann. 267; R. S. secs. 1491, 1421; sec. 1 of Act No. 24 of 1877; Belden vs. Sherburne, 27 Ann. 305.

4. The elective commission of defendant has date 22d of May, 1884, and thereunder he took the oath of office on the 29th of May, 1884, and had same filed in the office of the Secretary of State on the 14th of June, 1884.

Defendant was his own predecessor.

On the 17th of June, 1884, a like commission was issued to relator, and on the 27th of June, 1884, he was qualified.

Plaintiff's petition admits defendant's possession on the —— November, 1884, when filed.

Defendant's commission was attested by Will A. Strong, Secretary of State; while that of relator is attested by Oscar Arroyo, Secretary of State. Defendant was qualified before L. M. Howard, *clerk;* but relator was sworn by F. B. Williams, *clerk.*

Between the date of defendant's qualification and the issuance of relator's commission, a change had taken place in the State government, and a *new* one had been inaugurated. Secs. 39 and 40 of Act 58 of 1877.

Prior to the issuance of relator's commission, the Secretary of State, Will A. Strong, and the Governor had performed and completed the duties required of them by statute and were, *quoad* the general election of 1884, *functus officii.* State ex rel. Barbin vs. Blackman, 32 Ann. 584; State ex rel. Blackman vs. Secretary, 32 Ann. 11; Cooley's Const. Lim., pp. 621, 622, and *note.*

Oscar Arroyo, Secretary of State, *successor* to Will A. Strong, was without authority to alter his predecessor's promulgation of returns.

5. Which of the two commissions is the better evidence of title ?

Relator's counsel relies on the case of Hunter vs. Blackman, Manning's Unreported Cases, p. 75, wherein the court held, that "if the question depended *solely* upon the two commissions,    *  *    in the absence of proof to the contrary, the *presumption* is in favor of that bearing the *latest* date." 16 Ann 438; 19 Ann. 210.

That opinion is in direct conflict with that in State ex rel. Ard. vs. Bankston, 23 Ann. 375, in which, under a similar state of facts, the *contrary* presumption was announced.

The two decisions cited in the *former* opinion do not bear it out. These cases are to the effect that when the Governor is given the authority by statute to appoint an officer and *remove* him from office and appoint another, there is a legal presumption that the Governor has done his duty, and the *last* commission will be maintained in the absence of adverse proof. Dubuc vs. Voss, 19 Ann. 211; State ex rel. Richardson vs. Graham, 25 Ann. 73; State ex rel. Attorney General vs. Doherty, 25 Ann. 119; State ex rel. Doyris vs. Yoist, 25 Ann 396; State ex rel. Webber vs. Fisher, 26 Ann. 537.

The doctrine announced in Hunter vs. Blackman goes no further; it does not extend to *elective* commissions issued by the Governor.

In Kahn and Bigart as. Sippili, 35 Ann. 1040, this court says, "the decision rested on another and different [point and the point passed upon in the ruling or dictum invoked    *    *    was not nesessary to a decision of the case under consideration. Hence, we

State ex rel. Hunter vs. Capers.

conclude that the dictum is not binding in jurisprudence. Cooley Const. Lim., pp. 621, 622 and notes.

6. The incumbent of a *constitutional* office, holding an *elective* commission from the Governor, cannot be removed and another commissioned, until his commission has been annulled and set aside in some judicial proceeding, contradictorily with him. State ex rel. Attorney General vs. Wharton, 25 Ann. 11; State of Louisiana vs. Kreider, 21 Ann. 482; State ex rel. Downes vs. Towne, 21 Ann. 491.

7. The elective commission of a constitutional officer is *conclusive* of the fact of his election until set aside in a contest according to law. State ex rel. Leonard vs. Jackson, 27 Ann. 541; sec. 54 of Act No. 100 of 1870; sec. 3 of Act. No 1 of 1877.

8. Vacancies can only be filled when the power to do so is expressly conferred by the authority on which this power is conferred, and in the manner provided by the Constitution and the law. State ex rel. Attorney General vs. Rareshide, 32 Ann. 937.

9. In issuing *elective* commissions the Governor acts *ministerially*, and only performs a *duty* required by the election law. Sec. 40 of Act No. 58 of 1877.

He can exercise no judicial power or function. Art. 80 of Const.

He cannot exercise any power or authority over elections by the people.

He " shall have power to *fill vacancies* that happen." Art. 69 of Const.

He has no authority to consider or weigh any evidence touching the votes or election returns. "Any irregularities in the elections resulting from fraud, violence or *any other cause* are to be corrected * * * by the proper *judicial tribunals.*" Collin vs. Knobloch, 25 Ann. 264; State ex rel. Barbin vs. Secretary of State, 32 Ann. 579; State ex rel. Blackman vs. Secretary of State, 32 Ann. 173.

10. In support of the doctrine announced in State ex rel. Ard vs. Bankston, 23 Ann. 376, we cite: State ex rel. Edmonson vs. McNeely, 24 Ann. 19; State ex rel. Wittgnestein vs. Herron, 24 Ann. 432; State ex rel. Downs vs. Towns, 21 Ann. 490; State ex rel. Claiborne vs. Parlange, 26 Ann. 458; State ex rel. Cooper vs. Schumaker, 27 Ann. 332; State ex rel. Leonard vs Jackson, 27 Ann. 541; State ex rel. Lisso vs. Peck, 30 Ann. 251; State ex rel. Attorney General vs. Rareshide, 32 Ann. 934,

The opinion of the Court was delivered by

TODD, J. This case presents a contest for the office of justice of the peace of the Second ward of the parish of Red River, under the Intrusion into Office Act, being Act 56 of 1868.

There is a motion to dismiss the appeal for want of jurisdiction in this Court, *ratione materiæ.* The relator avers that the office is worth more than five hundred dollars, and the defendant that its value exceeds two thousand dollars.

Taking the pleadings as the test, without any suggestion that the estimate made therein is fictitious, or any reason to so conclude, we think this Court has jurisdiction, and the motion to dismiss is denied. 33 Ann. 1051.

ON THE MERITS.

At an election held in April, 1884, the relator and defendant were rival candidates for the office mentioned.

On the 22d of May thereafter the defendant received from the Governor a commission, and qualified under it.

On the 17th of the following month the relator also received a commission for the office. This commission, containing the recital "that at an election held on the 22d of April, 1884,   *   °   *   William Hunter (*relator*) was declared duly elected justice of the peace for Second ward of Red River parish, La., *vice* R. L. Capers, who was commissioned in error," etc.

There was judgment in favor of the relator, from which the defendant has appealed.

The only evidence before us are the two commissions referred to.

In an elective office the right and title to the office is not conferred by the commission of the Governor, but by the electors voting at such election—the one receiving the highest number of votes being legally entitled to the office, unless under some disqualification. The commission is but the evidence that the person named therein was thus duly elected to the office.

Section 40 of Act 58 of 1877 provides : "It shall be the duty of the Governor, not less than thirty days after each general election, to issue commissions to all officers shown by the compilation of the returns to have been elected." Another section makes it the duty of the Secretary of State to make this compilation.

If, in point of fact, the one commissioned has not been duly elected, has not received the highest number of votes cast, though the commission so declare, he is not entitled to the office.

The question here arises that, if a commission issues thus certifying to a fact that does not exist, does it lie in the power of the Governor or other officer issuing it to correct the error and grant a commission to the party really and legally entitled to it; and will such second commission be of higher authority than the first one ?

We are constrained to answer these questions in the affirmative.

It is an elementary principle that all executive officers, and those exercising ministerial functions—save in exceptional cases, which have no application here—have the right and it is their duty to correct errors or mistakes in returns, reports and other acts done in the discharge of the duties imposed upon them by law. Thus, any error committed by the Secretary of State in tabulating or compiling the returns of election made by the *proper* returning officers may undoubtedly be corrected by him. And if such compilation, before corrected, should have misled the Governor, or otherwise he should have been led into such error, and under such error should have issued a commission, it was certainly his right and duty to correct it.

Again, there is a legal presumption in favor of such officers of having correctly and faithfully discharged their duties. This principle applies with full force in favor of the act of the Governor in this instance with respect to the commission issued to the relator and the recital of the error therein made relative to the former commission. It was in consideration of this principle that the enunciation was made in the case of Hunter vs. Blackman, Manning's Unreported Cases, p. 75, that full credit was to be given to the second commission therein referred to, which we approve as a correct exposition of the law.

We have examined with great care all the authorities referred to in the able brief of the defendant's counsel, but find them not in point.

Judgment affirmed.