NICI-IOLLS, J.
The complaint urged in this ■court by counsel for and on behalf of the defendant is that the district judge improperly refused to allow them to withdraw a plea of guilty to “cutting and stabbing with a dangerous weapon with intent to kill,” which accused had been permitted to enter in lieu of his original plea of not guilty to a charge of “willfully, feloniously, and of his malice aforethought cutting and stabbing one Jack Sinegaul with intent to kill and murder,” and to allow him to enter a plea of not guilty, In order to be tried by a jury. The plea sought to be withdrawn had been accepted by the district attorney and the court, and had been entered on the minutes of the court.
The application to withdraw the plea was contained in the following motion:
“State of Louisiana v. Smith Boutte. No. 1,770. 17th Jud. Dist. La.
“The defendant in the above-entitled cause would respectfully represent that at this term of court he entered the plea of guilty of cutting and stabbing with intent to kill; that he had no means to employ counsel; that the plea was only recently entered; and that there will be a jury to try criminal cases week after next, when his case could be tried.
“He respectfully prays that he be permitted to withdraw the plea of guilty, and enter the plea of not guilty, in order to be tried by a ■jury.
• “He respectfully represents that he is now able to. employ counsel, and that his motion is not made for delay, but in order to obtain substantial justice.”
This application having been denied defendant, a bill of exceptions was reserved, which is relied upon as entitling defendant to a reversal of the judgment. It reads as follows:
“Be it remembered that on this day, the 6th day of April, 1907, the accused moved by written plea in open court to be permitted to withdraw his plea of guilty, and enter the plea of not guilty, which, motion was refused by his honor, the presiding judge, for the following-reasons, viz.:
“ ‘The accused was admitted to bail on this charge (preferred by affidavit) November 12, 1906, was indicted March 6, 1907, and arraigned the following day. The attorneys who had petitioned for bail stood by him at arraignment.
“ ‘His trial was fixed for April 1, 1907. On that day the court appointed a member of the bar to assist him, for the reason that he had failed to pay, or make arrangement to pay, his chosen attorneys, and was without a lawyer on the day fixed for trial. The appointed counsel moved for delay, which was granted, to enable him to' prepare for the defense. Two days later, when the case was called for trial pursuant to assignment, the accused withdrew the plea of not guilty and pleaded guilty to the charge of cutting and stabbing with a dangerous weapon with intent to kill. He was fully informed of the nature of the charge against him, and told in open court what the penalties were, and interrogated by the court on the point of its being his voluntary act, and answered twice that it was. Thex-eupon the jux-y was discharged for the day, and all witnesses finally.
“ ‘The accused knew full well what he was doing when he pleaded guilty. He was assisted by able counsel, who knew better what the outcome of the tx-ial would be than he could.
“ ‘The motion for leave to withdraw the plea of guilty was filed when the prisoner was bx-ought into court for sentence, and must be based on the theory that paid attorneys will do more than attorneys who are appointed by the court for the accused. I know that the attox-noy appointed and who acted under appointment did all he could for the accused, and believed he could secure mox-e for him by the plea than by standing trial and risking a verdict.’
“To which ruling of the court the accused excepts, and accordingly tenders this his bill of exception, which was read and signed in open court before sentence.”
The crime with which defendant was charged was one which would carry with it (if the indictment should be sustained) an *137 exceedingly heavy punishment. That to which he was permitted to enter a plea of not guilty would carry with it a much lighter punishment. The effect of granting the application, which was made, to withdraw the last plea, and to reinstate the original plea of not guilty to the charge as made in the indictment, might have resulted in disastrous consequences to the accused.
In the brief for the state, counsel say:
“We find the law to be that in matters relative to the withdrawal of pleas voluntarily entered the matter is exclusively vested in the discretion of the trial court, and his rulings thereon do not constitute reversible error, unless it be evident that this discretion was manifestly abused. Before the court is authorized to accept and enter up a plea of guilty, it should be satisfied that the plea was voluntary, and that it was not induced by fear, misrepresentation, persuasion, or the holding out of false hopes, nor made through inadvertence or ignorance. Volume 12, p. 355, Cyc.
“This being the correct principle upon which a plea of guilty is admitted, it would appear that a withdrawal of the same should not be sanctioned, except that it be made evident that the plea of guilty was improvidently entered, or that the same was made through error. Bishop’s Grim. Proe. vol. 1, § 708; State v. Coston, 113 La. 717, 37 South. 619.
“The correct principle being that the court should not permit the plea of guilty to be entered, except upon knowledge from the defendant himself that none of the aforesaid causes operated upon his mind in entering the plea, a withdrawal of the same should not be permitted, except by negativing in proper form and by sufficient evidence some of or all of the causes which justify the court in accepting the plea. If a certain state of facts must exist before the plea can be accepted and entered, then the reverse thereof must be made to appear before a withdrawal of the same should be permitted.”
The motion in this case to withdraw the plea is not signed by the accused himself. It does not assign any sufficient legal reason for granting it. It is not even alleged that the accused has a legal defense. In our opinion, the reasons given by the trial judge for refusing it justify his course, even in the interest of the accused himself.
We fully concur with the declaration by this court, in State v. Nick Williams, 45 La. Ann. 1357, 14 South. 32, that the withdrawal of the plea of guilty should not be denied in any case where it is the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place:
“It is proper to grant the withdrawal, if the accused makes it appear that an error has been committed. The least surprise or influence causing him to plead guilty, when he had any defense at all, should be sufficient cause to permit a change of the plea from guilty to not guilty.”
These remarks are particularly applicable where the plea of guilty has been permitted to be entered to the charge as made by the grand jury, where the withdrawal of that plea will place the accused in a more advantageous condition or position than he would occupy should the plea of guilty be maintained. Where, however, the accused does not plead guilty to the charge as made, but pleads guilty to a lesser offense, which places him in a position of safety and security relatively .to the more serious offense, and where the district attorney and the district judge accept that plea, and by so doing substantially and practically abandon the greater charge, courts should exercise very great caution, lest they themselves, by acceding to the wishes of counsel (under their sanguine expectations that the ultimate result of the trial will be the acquittal of their client), place the accused in a worse condition than he held before. In matters of that character courts should have before them positive evidence from the accused parties themselves that they are willing to take the chances of a trial on the higher charge, and they should themselves set out and sustain the grounds upon which they ask the withdrawal of their plea of guilty. To require less than this would, in our opinion, tend to impair the proper administration, of justice.
We find no ground for reversal in this case, and the judgment appealed from is affirmed. See Clark’s Grim. Procedure, §§ 127-129.