PONDER, Justice..
 

 The defendant, Emanuel Mockosher, on arraignment, pleaded not guilty to an indictment charging him with negligent homicide. On the date of his trial, he was permitted to withdraw his plea of not guilty and enter a plea of guilty, after his counsel had consulted with the district attorney and the trial judge. He was sentenced to the penitentiary for a period of ten months. After the sentence had been imposed, the district attorney moved to amend the sentence by increasing its term to three years in the penitentiary. The sentence was amended, over the objection of counsel for the defendant, by increasing the term to three years in the penitentiary. A bill was reserved to the overruling of the defendant’s objection, and the matter now comes to us by appeal.
 

 Counsel for the defendant contends that the amendment of the sentence is violative of Article I, section 2, of the Bill of Rights of the State Constitution.
 

 On the other hand, the district attorney takes the position that the court had authority to amend the sentence under the provisions of Article 526 of the Code of Criminal Procedure. This article provides t
 

 “Although the sentence imposed be in every respect legal, it is within the power of the judge to amend or change the same, within the limits of his discretion, up to' the beginning of the execution of the sentence.”
 

 The minutes show that before the defendant was originally sentenced, the trial judge, the district attorney and counsel for the defendant held a conference. Immediately after this conference, the defendant appeared in court, accompanied by his counsel, withdrew his plea of not guilty and entered a plea of guilty to the charge. On motion of the State, the court sentenced the accused to ten months in the penitentiary.
 

 During the noon recess, subsequent to-' the imposition of the sentence, the widow of the deceased discussed .the sentence with the judge and the district attorney and advised the judge that he was not familiar with the facts in the case. The judge suggested to the district attorney that he file a motion to hear evidence and amend the sentence with the view of imposing a sentence in conformity with the facts. The motion was filed; evidence taken; and the sentence amended by increasing the term from ten months in the penitentiary to< three years.
 

 The district attorney states in his brief that it was his preference to amend the sentence on the judge’s own motion, but in deference to the suggestion of the judge, he had prepared the motion. He further
 
 *437
 
 states, in his brief, that the defendant might have been influenced in entering his plea of guilty as a result of the conference, and he had accordingly asked in his motion that the defendant be permitted to withdraw his plea of guilty and stand trial before a jury.
 

 The per curiam of the trial judge is silent as to what took place at the consultation prior to the original sentence. However, we gather from the district attorney’s brief that counsel for the defendant informed the judge at the consultation that the defendant would plead guilty, provided the ■sentence did not exceed eight or ten months, preferably without hard labor. The district attorney indicated that • he would be satisfied with whatever sentence the court saw fit to impose and left the consultation. After further discussion between counsel for the defendant and the trial judge, the plea of guilty was entered. Under the record and the admissions made in the brief of the district attorney, the defendant undoubtedly was lead to believe that his sentence would not be in excess ■of ten months in the penitentiary, and the sentence was actually imposed to that effect.
 

 Under the circumstances, there is no ■doubt the defendant was induced to enter .a plea of guilty and felt that by so doing he was placed in a position of safety and security insofar as any sentence in excess ■of ten months in the penitentiary was concerned.
 

 Unquestionably the defendant was placed in a worse position than he held before. The district attorney and the trial judge, having accepted the plea under such circumstances, practically abandoned the right to impose a more grievous sentence. We do not believe that the provisions of Article 526 of the Code of Criminal Procedure are applicable under the facts in this case where the defendant has surrendered substantial rights. In fact, to extend the provisions of this article to the facts in this case would violate the aforementioned article of the Constitution.
 

 In the case of State v. Boutte, 119 La. 134, 43 So. 983, 984, where a defendant had pleaded guilty to a lesser charge, which was accepted by the district attorney and judge, and was thereby placed in a position of security with respect to the more serious charge, this Court would not permit the defendant to withdraw his plea of guilty to the lesser offense in order that he might reinstate his original plea of not guilty to the more grievous offense for the reason that to do so might result in disastrous consequences to the accused. We stated in effect therein that: “In matters of that character courts should have before them positive evidence from the accused parties themselves that they are willing to take the chances of a trial on the higher charge, and they should themselves set out and sustain the grounds upon which they ask the withdrawal of their plea of guilty.”
 

 While the facts in the case of State v. Boutte, supra, are different from those in the present case, yet, it goes to the effect that courts should be reluctant to uphold any procedure that works injuriously to the rights of an accused. This is especially true where the accused surrendered his
 
 *439
 
 rights, on the advice of his counsel, with the understanding that the sentence suggested by his counsel, approved by the judge and acquiesced in by the district attorney would be imposed.
 

 For the reasons assigned, the amended sentence is set aside, and the original sentence, requiring the accused to serve ten months in the penitentiary, is reinstated.