SANDERS, Justice.
*847 The defendant, Marcel Hingle, appeals from his sentence of twenty years, in the Louisiana State Penitentiary as an habitual criminal under a bill of information charging him with being a fourth offender.
The record discloses that Hingle was charged in bills of information Nos. 164,966 and 164,967 with the possession and sale of marihuana cigarettes. He pleaded not guilty in both cases. On March 30, 1960, with the approval of the district attorney and with his recommendation to the court for a sentence of two and one-half years, the defendant withdrew his plea of not guilty in the latter case and pleaded guilty to the lesser offense of attempted possession, The court sentenced him to serve two and one-half years in the penitentiary. The district attorney entered a nolle prosequi of all remaining charges.
On May 23, 1!?60, while Hingle was serving his- sentence, the State filed the present bill of information charging him as a fourth offender. A motion to quash was filed by the defendant. The - court overruled this motion and found the defendant to be a fourth offender. A motion for a new trial was denied. The defendant was then sentenced to serve twenty years at hard labor in the penitentiary. The subject of this appeal is the bills of exception taken to the overruling of the motion to quash and the refusal to grant a new trial.
Hingle alleges in his motions that through his attorney he entered into an agreement with the district attorney and his assistant whereby he would plead guilty to attempted possession in case No. 164,967; that the district attorney would dismiss all other charges; that the defendant would receive a .sentence of two and one-half years in the penitentiary; and that the district attorney would not file multiple offender charges against him.
Hingle contends that the district attorney knew of all convictions prior to the agreement. Furthermore, in reliance upon the commitment of the district attorney, he relinquished the substantial rights of trial by jury and an adjudication of his guilt in a case which had been weakened by the death of an important state witness.
In answer the district attorney admits the agreement. He asserts, however, that the agreement as to the multiple offender sentence was conditioned upon the defendant not having been convicted of a crime of violence, and that after the original sentence he discovered the defendant had been convicted of attempted robbery.
We find it unnecessary to resolve the factual issue relating to the content of the 'agreement. It was neither alleged in the pleadings nor does the evidence disclose that the trial judge was a party to any agreement. Moreover, the judge formally stated for the record that he did not become a party.
*849 The question then is whether a plea bargain agreement of the district attorney not to invoke the enhanced sentence against the defendant as a multiple offender, to which the judge was not a party, is a bar to the present proceeding.
In overruling the motions to quash and for a new trial, the trial judge held that the court was not bound by the agreement; hence the agreement could not bar the imposition on the defendant of the minimum sentence for a fourth offender. With this ruling we agree.
 The Louisiana Habitual Offender Law (LSA-R.S. 15:529.1) may be invoked after the defendant has commenced to serve the sentence imposed upon him as a first offender.[1] The fact that the former convictions were known at the time of the original sentence is immaterial, for it is essential that they be formally charged in order to sentence as a multiple offender.[2]
This law does not make it a crime to be a multiple offender. No independent offense is created. It merely defines a status and prescribes the circumstances under which there is an enhanced penalty for the present crime. The additional sentence is for the basic offense only.[3]
The plea bargain in this case pertains to the extent of the punishment for the offense to which the defendant pleaded guilty. It can be viewed in no other light than a promise of immunity from the enhanced sentence.
By the weight of authority, agreements made solely by a prosecuting attorney granting immunity from sentence or assurance concerning the extent of a sentence are unenforceable and do not bar subsequent action by the court. Such agreements gain vitality only when the judge becomes a party. The benefits of plea bargains of this kind are not given judicial protection without prior judicial sanction.[4]
We consider this rule a sound one. It permits no restraint of the inherent powers of the court by pre-trial agreements of the prosecuting authority. It also reduces the opportunity for abuses in the administra *851 tion of criminal justice. We apply it to the case before us. The court cannot be shackled by such bargains in justice.
The defendant relies upon our decision in State v. Mockosher, 205 La. 434, 17 So.2d 575. It is not apposite. In that case the judge- was a party to a plea agreement for a sentence not exceeding ten months. Hence we set aside the excessive sentence. We cannot extend that holding beyond its facts to embrace a case, such as the instant one, in which the judge did not become a party to the agreement.
The defendant further contends that the original sentence of two and one-half years was not vacated at the time of his sentence as a multiple offender, and that he has two sentences for the same crime. We find this to be correct.
LSA-R.S. 15:529.1(D) governs the sentencing of habitual offenders:
“* * * If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated.”
The original sentence remains in effect. It follows that the subsequent sentence of twenty years is null and void. It must be set aside, and the case must be remanded for the imposition of a proper sentence.[5]
For the reasons assigned, the sentence of twenty years in the Louisiana State Penitentiary is annulled and set aside, and the case is remanded to the Criminal District Court for the Parish of Orleans for the imposition of sentence according to law.
FOURNET, C. J., and McCALEB, J., dissent with written reasons.

. LSA-R.S. 15:529.1(D); State v. Guidry, 169 La. 215, 124 So. 832; State v. Rodman, 208 La. 523, 23 So.2d 204; State v. George, 218 La. 18, 48 So.2d 265.

. LSA-R.S. 15:529.1(D); State v. Daniel, 141 La. 423, 75 So. 102; State v. Habighorst, 163 La. 552, 112 So. 414. Cf. Graham v. State of West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917; Dodd v. Martin, 248 N.Y. 394, 162 N.E. 293; People v. Gorney, 203 Misc. 512, 103 N.Y.S.2d 75.

. State v. Guidry, 169 La. 215, 124 So. 832; State v. Hardy, 174 La. 458, 141 So. 27; State v. George, 218 La. 18, 48 So.2d 265.

. People v. Groves et al., 63 Cal.App. 709, 219 P. 1033; State v. Ward, 112 W.Va. 552, 165 S.E. 803, 85 A.L.R. 1175, 1177 (annotation); State v. Guild, 149 Mo. 370, 50 S.W. 909; State v. Lopez, 19 Mo. 254; 5 Wharton’s Criminal Law and Procedure (Anderson) Sec. 2210, p. 421. See also State v. Mockosher, 205 La. 434, 17 So.2d 575.

. See State v. Daniel, 141 La. 423, 75 So. 102; State v. Lee, 171 La. 744, 132 So. 219; State v. Childers, 197 La. 715, 2 So.2d 189; Cf. State v. George, 218 La. 18, 48 So.2d 265.