Writ denied. Based upon the affidavit of trial counsel of the relator filed in this court, we find no merit to the complaint that the relator was not informed of his right to appeal. The allegations are without merit.

BARHAM, J., does not concur. See writ denied in State ex rel. Brownfield v. Henderson, 260 La. 445, 256 So.2d 437.

257 So.2d 433

### In re Floyd F. GREENE.

#### No. 52184.

#### Feb. 21, 1972.

In re: Floyd F. Greene applying for writs of certiorari, prohibition and mandamus, and for stay order.

Writ granted. See order.

The record before us does not disclose that the State in its offer to this petitioner of immunity from prosecution specifically stated that it was offering him that full immunity required under the Fifth Amendment to the United States Constitution, Louisiana Constitution Article 1, Section 11, and Article 19, Section 13, and R.S. 14:121. If the State intends to require of this petitioner a waiver of his constitutional right against self-incrimination, it must clearly grant that full immunity from any prosecution arising out of responsive testimony material to the issue or question in controversy, save and except for giving false testimony in this particular inquiry which would constitute perjury under the definition of R.S. 14:123. This waiver constitutes full protection in all jurisdictions. See Murphy v. Waterfront Commission of New York Harbor, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678. It is only because the petitioner cannot be conclusively presumed to have known the consequences of the offer of immunity as reflected in this record that we set aside the contempt order and remand to the Criminal District Court for the Parish of Orleans for further proceedings not inconsistent with the reasons above stated—that is, to permit the district attorney to more clearly formulate his offer of immunity and to accord the petitioner thereafter a chance to respond to the questions propounded to him.

Reversed and remanded.