LOTTINGER, Judge.
Defendant, Sylvester Reed, was charged with the armed robbery of Becky Sharp in violation of La.R.S. 14:64. Reed pled not guilty and was tried by a jury on September 27, 28, and 29, 1982, and was found guilty as charged. He was sentenced to 20 years at hard labor without benefit of probation, parole or suspension of sentence.
The defendant alleged 22 assignments of error, but has briefed only three assignments of error, namely: Nos. 8, 15 and 16. Those assignments of error not briefed are considered abandoned. Rule 2-12.4, Uniform Rules — Courts of Appeal.
ASSIGNMENT OF ERROR NO. 8
By this assignment of error defendant contends that the trial court erred when it denied defense counsel’s request to appoint independent counsel for state witness, Donald Ray Davis, to advise him of his rights and privileges against self-incrimination. The state offered Davis “transactional immunity” from any prosecution for his participation in the instant offense in return for his testimony. Defendant argues that independent counsel should have been appointed to consult with the witness before he actually waived his Fifth Amendment privilege by testifying, and that the failure to so appoint independent counsel resulted in the testimony being entered into evidence, which testimony adversely affected defendant. The defendant further contends that the procedures set forth in La. Code Crim.P. 439.1 were not followed, that Davis’ transactional immunity was invalid and he was left with no immunity at all, and that such prosecutorial misconduct has severely prejudiced the defendant.
The trial judge questioned the witness as to his understanding of the testimony to be given and that the immunity granted was transactional vis-a-vis use and derivative use immunity. Inasmuch as transactional immunity was granted the witness, the requirements of La.Code Cr.P. 439.1 are inapplicable. Additionally we find that In re Rebar Steel Anti-Trust Investigation, 343 So.2d 1377 (La.1977) is in-apposite.
Mr. Davis was an alleged conspirator of the defendant. The Supreme Court has *1259 recognized the prosecutor’s right to grant “transactional” immunity to potential defendants in return for a relinquishment of a fundamental right, when bargaining in good faith, and such agreements are binding on the state. State v. Tanner, 425 So.2d 760 (La.1988).
Inasmuch as the witness was advised by the court of his right against self-incrimination, and prosecution against him had not commenced, he was not entitled to counsel at the defendant’s trial. Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964).
ASSIGNMENTS OF ERROR NOS. 15 AND 16
Defendant contends that the trial court erred when it overruled defendant’s hearsay objection to certain testimony illicited from the state’s witness, Mrs. Mary Davis. Defense counsel objected on hearsay ground when Mrs. Davis testified as to what she heard Mrs. Joyce Foster, the alleged girlfriend of the defendant, say on the phone.
“Hearsay evidence” is evidence of an unsworn, out-of-court statement made by a person other than the testifying witness, which evidence is introduced for the truth of its content; evidence is not hearsay when it is offered to prove that an utterance occurred, and not to prove the truth of the facts. State v. Sheppard, 350 So.2d 615 (La.1977). Admission of objectionable hearsay evidence which is merely cumulative or corroborative of other evidence adduced at trial is considered harmless. State v. Spell, 399 So.2d 551 (La.1981). When the testimony of one witness as to what another witness told her merely corroborates the other witness’ testimony and offers no facts into evidence which were not before the trier of fact already, the admission of the testimony, even if the testimony is deemed to be hearsay, is not reversible error. State v. Arnold, 367 So.2d 324 (La.1979).
It is obvious from the record that the prosecution illicited from this witness an out-of-court, unsworn statement made by a person other than the testifying witness. However, it is also obvious that the unsworn statement offered in evidence was overheard by the testifying witness and that the prosecution offered the statement not for the truth of its content but merely to prove that an utterance occurred. Additionally, the admission of the hearsay statement was merely cumulative or corroborative of other testimony illicited from another state’s witness.
Therefore, since the statement was offered to prove that the utterance occurred and not for the truth contained therein, and that the testimony in question was cumulative and corroborative of other testimony in the record, we find no error on the part of the trial judge in overruling defendant’s hearsay objection.
There is no merit to these assignments of error.'
Therefore, the conviction and the sentence of the defendant are affirmed.
AFFIRMED.