LUCIEN C. BERTRAND, Jr., Judge Pro Tem.
Defendant, Joseph Louis, pled guilty to possession of over 400 grams of cocaine, a violation of La.R.S. 40:967 F(l)(c). At the time of the plea, defendant reserved his right, under State v. Crosby, 338 So.2d 584 (La.1976), to appeal the trial court’s denial of his motion to quash the indictment. Defendant was sentenced to 15 years at hard labor without benefit of probation, parole or suspension of sentence, and a fine of $250,000. He now appeals.

FACTS

This prosecution arose from the arrest of Michael Austin who was found with more than 400 grams of cocaine in his possession. Defendant was in the same vehicle with Austin at the time of Austin’s criminal activity, and defendant was detained, questioned, and then released. Charges against defendant were contemplated.
Before charges were ever filed, defendant’s counsel entered into negotiations with a Rapides Parish Assistant District Attorney, Thomas Yeager. An agreement was worked out whereby Yeager would not prosecute defendant, and would dismiss the charges against Austin, if defendant would cooperate with a certain Drug Enforcement Agency agent in Houston.
Several months later, Yeager, believing defendant to be engaging in further criminal activity, proceeded with prosecuting both defendant and Austin. Defendant filed a motion to quash the indictment which was denied by the trial judge. Defendant then pled guilty, reserving the right to appeal the denial of his motion to quash.
In this appeal, defendant characterizes his agreement with Yeager as an enforceable nolle prosequi contractual agreement. He contends that he performed his part of the agreement, which included giving self-incriminating information to the DEA. Defendant argues that he is therefore entitled to specific performance of the State’s agreement not to prosecute.

ANALYSIS

Louisiana has adopted certain criteria to determine whether a plea bargain has the effect of equitable immunity. The-State is required to honor an agreement when the record shows: (1) an agreement was made, (2) the defendant has performed his side, and (3) the subsequent prosecution is directly related to offenses in which the defendant, pursuant to the agreement, either assisted with the investigation or testified for the government. State v. Lewis, 539 So.2d 1199 (La.1989).
Lewis involved aspects of both transactional or equitable immunity and use immunity. Generally, equitable immunity refers to a defendant’s immunity from further prosecution, while use immunity refers to the use of incriminating evidence given by a defendant during the course of his cooperation with a government entity. Defendant Lewis negotiated a plea agreement with the district attorney and a federal prosecutor and agreed to cooperate with both a state theft investigation and a federal arson investigation. In exchange for Lewis’ cooperation, the State agreed to charge the defendant with only a single misdemeanor theft or attempted theft charge and agreed not to use any information provided against him. Later, the district attorney believed Lewis violated the agreement by not fully cooperating with the federal arson investigation and the felony charge was reactivated. After Lewis was convicted, he appealed and the Supreme Court struck down the conviction and enforced the agreement. The Court found that the defendant had fully complied with his part of the agreement by giving evidence in exchange for a promise not to prosecute.
In State v. Tanner, 425 So.2d 760 (La.1983), the Supreme Court addressed the principle of detrimental reliance in terms of what evidence a defendant offers the State during the course of his cooperation. When a defendant, in reliance on a negotiated plea bargain, relinquishes such a fundamental right as the privilege against self-incrimination, the State cannot repudiate the terms of *1239 the agreement. Tanner, citing State v. Hingle, 242 La. 844, 139 So.2d 205 (La.1962).
The Court further elucidated on this principle in State v. Caminita, 411 So.2d 13 (La.1982), cert. denied, 459 U.S. 976, 103 S.Ct. 314, 74 L.Ed.2d 291 (1982). The State herein relies on Caminita for the proposition that a defendant must rely to his detriment on the promise of the prosecutor before a plea agreement must be enforced. In Cami-nita, pursuant to an alleged plea bargain, defendant pled guilty to simple robbery. When the prosecutor rejected the plea, Cam-inita filed a motion to quash. The trial court denied this motion and the Supreme Court affirmed, stating:
Absent any showing of detrimental reliance prejudicial to the substantial rights of the accused, or evidence of devious practice by the government such as bad-faith negotiation designed to psychologically probe the defense or gain some other improper advantage, the government remains free to withdraw from a plea agreement up to the time the plea is entered. The only detriment claimed by the defense here is that Mr. Caminita’s hopes were raised when he was informed of the unsuccessful plea negotiation, then dashed when he was informed that the District Attorney had allegedly over-ruled his subordinate and repudiated the deal.
411 So.2d at 16.
The State argues herein that the facts do not indicate that defendant detrimentally relied on the agreement or that the government’s initial agreement was made in bad faith. Therefore, under Caminita, the State contends it may withdraw from the immunity agreement.
The trial court found the parties made preliminary steps to an agreement, which was never consummated. Defendant approached the district attorney’s office with the possibility of assisting the DEA in Houston. As the trial judge noted, defendant did not present any definitive evidence of his cooperation with the DEA. For instance, defendant did not call as a witness the DEA agent whom he allegedly assisted.
The trial judge did find that a preliminary agreement was reached. The State made a ■verbal offer to defendant which involved two ■provisions: first, that defendant must be found acceptable to the DEA, and second, that defendant would actually cooperate with the DEA. The evidence was sufficient to show that the DEA was willing to work with defendant, but there was no evidence presented that defendant cooperated with the agency or substantially performed his part of the agreement. Nor is there any evidence of detrimental reliance on the part of defendant.
Applying both the Caminita and Lems tests for equitable immunity, we find the record does not clearly establish whether defendant performed his side of the bargain, nor that defendant relied to his detriment on the agreement. According to defense counsel’s testimony, defendant supplied the name of a Houston drug dealer to the DEA. Further, a DEA agent met personally with defendant and his attorney on one occasion and once again with defendant alone. The substance of these meetings was not addressed, other than the assertion that defendant provided the agent with a name, nor was there any evidence that defendant incriminated himself in these meetings. Defendant’s contention, that he was prohibited from fully cooperating with the DEA because of Yeager’s failure to obtain his release from probation, was not proven to our satisfaction, given that we are unaware of the nature of the required cooperation.
Based on the sketchy evidence presented by the defense and the legal principles discussed herein, we find no error in the trial judge’s decision to deny defendant’s motion to quash. We do find, however, as patent error, that the trial judge failed to comply with the provisions of La.C.Cr.P. Art. 930.8 which require that a defendant be notified of the prescriptive period for post conviction relief. That error must be corrected and we will remand with instructions to do so.

DECREE

For the foregoing reasons, defendant’s conviction is affirmed. However, this matter is remanded so that the trial judge can in *1240 form the defendant of the provisions of La. C.Cr.P. Art. 930.8 by sending appropriate ■written notice to defendant within 10 days of the rendition of this opinion and file written proof that the defendant received the notice in the record of these proceedings.
AFFIRMED, BUT REMANDED WITH INSTRUCTIONS.