hGOTHARD, Judge.
Defendant, Dathennile Parker, was charged with illegal possession of a firearm by a convicted felon in violation of LSA-R.S. 14:95.1. He was arrested when he attempted to purchase ammunition for a UZI 9mm Model B handgun. Defendant Parker has a previous conviction for First Degree Robbery. He was arraigned and pled not guilty. Subsequently, he withdrew his plea and entered a plea of guilty as charged. He was sentenced to imprisonment at hard labor for a term of five years without benefit of parole, probation, or suspension of sentence.
Defendant brings this appeal seeking a review of his sentence, which he asserts is illegal and excessive. He argues that the sentence- is improper because it is not in conformity with the sentencing guidelines, and because the trial court failed to take into consideration mitigating circumstances. Because we find that the defendant is precluded from bringing his sentence to this Court for review, we affirm.
_JsLSA~C.Cr.P. art. 881.2A(2) provides that a “defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea”. That article is the codification of the established jurisprudence which began with the Louisiana Supreme Court decision in State v. Mockosher, 205 La. 434, 17 So.2d 575 (La.1944).
Defendant argues that the sentence is reviewable because it was imposed under a plea bargain for a sentence of not more than a stated number of years representing a “cap” or “ceiling”. The record belies defendant’s claim. At the time of sentencing the following colloquy took place:
MR. LARRE:
For the record, Your Honor, I explained all the circumstances to Mr. Parker, advised him of his rights and the possible sentence and the fact that on a plea of guilty, you would sentence him to five years. In light of that, he would withdraw any formal plea of not guilty and enter a plea of guilty and withdraw any motions that might be outstanding including the Motion to Suppress.
The trial court accepted the guilty plea and questioned the defendant concerning his understanding of the plea and the consequences. During that preceding the following transpired:
THE COURT:
Do you understand that if I accept your plea, I will sentence you to five years, *717 Department of Corrections, without benefit of parole, probation or suspension of sentence?
THE DEFENDANT:
Yes, Sir
THE COURT:
Do you understand the statute also provides a mandatory $1,000.00 fine? I have to order you to pay that fine or serve one Uday in jail, technically, because the statute provides a mandatory $1,000.00 fine. That will be imposed also. Do you understand that?
THE DEFENDANT:
Yes Sir.
Further, the Waiver of Rights form signed by the defendant and his attorney, indicates that the sentence as imposed was agreed upon. For those reasons we find the defendant’s sentence was agreed to as part of a plea bargain and is not reviewable by this Court.
AFFIRMED.