**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**TAULAUNIU HUNKIN, Defendant**

High Court of American Samoa
Trial Division

CR No. 46-99

November 18, 1999

Before KRUSE, Chief Justice TUA`OLO, Chief Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiff, Frederick J. O'Brien, Assistant Attorney General
For Defendant, Jennifer L. Joneson

## OPINION AND ORDER

In order to further its case against defendant Taulauniu Hunkin, American Samoan Government ("ASG") has agreed to grant use and derivative use immunity to two potential witnesses, Ioane Afamasaga and Ivona Afamasaga. ASG requests that the court grant immunity to these witnesses and order them to testify in the criminal trial against Taulauniu Hunkin. The defendant opposes the order, arguing that it is the prosecuting attorney, not the court, that should give immunity.

Unlike most states and the federal government, American Samoa has no statute delineating how a prosecuting attorney may procure testimonial immunity. Under many statutes, the prosecutor may procure an immunity agreement only with the court's knowledge and consent. Under 18 U.S.C.A. § 6003, for example, a United States attorney, with approval from certain members of the Attorney General's office, may request that a court compel testimony of a witness when a party has been or may be called to testify or provide information at a proceeding. Such a request is permitted when the witness has or is likely to refuse to testify or provide information on the basis of the privilege against self-incrimination.

When there is no controlling statute, as is the case here, there is a split of authority as to whether a prosecutor, without court approval, may grant immunity. Some cases indicate that a prosecutor cannot, in the absence of statute, grant immunity that is sufficient to protect a witness's Fifth Amendment right against self-incrimination. *See, e.g., Apodaca v. Viramontes,* 212 P.2d 425 (1949); *Commonwealth v. Brown* 619 S.W.2d 699 (Ky. 1981). The underlying logic of these cases is that the prosecutor does not have the power to enforce such an agreement, since the prosecutor, without a court order, cannot guarantee that immunity will be respected.

Other courts, however, have been willing to enforce a prosecutor's promise of immunity, even without approval from a court. Some courts have stated that the prosecutor's promise is considered a contract with the witness, and the prosecutor cannot renege on the promise without allowing the witness to do so, as well. *United States v. Anderson,* 778 F.2d 603 (10th Cir. 1985) (immunity enforced even though made without statutorily required court approval); *United States v. Kurzer,* 534 F.2d 511 (2d Cir. 1976) (same). Others have stated that courts will

enforce promises made by the government to preserve the integrity of the government. When a witness testifies for the government in the expectation of immunity from prosecution, such a person has an equitable claim to immunity from prosecution. 21 Am Jur 2d, Criminal Law § 269; *State v. Hingle*, 139 So.2d 205 (La. 1961) (no statute; prosecutor's grant of immunity enforced).

The Alaska Supreme Court considered the issue of prosecutorial immunity in the absence of statute in *Surina v. Buckalew*, 629 P.2d 969 (Alaska 1981). The *Surina* court upheld a prosecutor's grant of immunity, stating that prosecutor's promise of immunity must be binding to conform with due process. It found that due process would be offended if a prosecutor offered immunity and the witness testified in reliance, but was later prosecuted for the crime.

■ After considering the merits and analyzing the case law in other jurisdictions, we find that the court's approval is not needed in order for a prosecutor's grant of immunity to be binding. It is the prosecutor, not the court, that decides whether or not to grant immunity to a witness.

■ The court, however, will hold the prosecution to its word, and will give effect to a prosecutor's grant of immunity. While the court does not make decisions as to whether or not to grant immunity, it helps the court to be informed as to the immunity status of any potential witness. The prosecutor therefore should file with the court a copy of any immunity it grants.

It is so ordered.