LOMBARD, J.,
CONCURS WITH ADDITIONAL REASONS
hi write separately in support of the majority opinion to point out the very recent decision pertaining to the sanctity of plea bargains in which the Louisiana Supreme Court trenchantly observed:
The concept of fundamental fairness is inherent in the Due Process Clause of the U.S. Fourteenth Amendment and in La. Const. Art. I, § 2, which do not dictate a particular procedure, only a fundamentally fair result. See In re C.B., 97-2783, pp. 10-11 (La. 3/4/98), 708 So.2d 391, 397. The pleas bargaining process proposes fairness- in .agreements be- . tween an accused and a prosecutor, See Santobello v. New York, 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must *444 be fulfilled. Id., 404 U.S. at 262, 92 S.Ct. at 499.
As a general matter, in determining the validity of agreements not to prosecute or of plea agreements, the courts generally refer to analogous rules of contract law, although a defendant’s constitutional rights to fairness may be broader than his or her rights under the law of contract. State in Interest of E.C., 13-2483, p. 4 (La. 6/13/14), 141 So.3d 785, 787 (per curiam); State v. Cardon, 06-2305, p. 1 (La. 1/12/07), 946 So.2d 171, 171-72 (per curiam); State v. Givens, 99-3518, p. 14 (La. 1/17/01), 776 So.2d 443, 445; State v. Louis, 94-0761 (La. 11/30/94), 645 So.2d 1144, 1148-49; State v. Lewis, 539 So.2d 1199, 1204-05 (La. 1989); State v. Nall, 379 So.2d 731, 734 (La. 1980): see also United States v. Ringling, 988 F.2d 504, 506 (4th Cir. 1993) (“plea bargains rest on contractual principles, and each party should receive the benefit of its bargain. Yet, the analysis of the plea agreement must be conducted at a more stringent level than in a commercial contract because the rights involved are generally fundamental and constitutional based.”).
|2When a district attorney or assistant district attorney makes a good faith bargain with a person accused of a crime and the defendant, in reliance on that bargain, relinquishes a fundamental right, the State cannot repudiate the bargain. State v. Tanner, 425 So.2d 760, 763 (La. 1983); State v. Hingle, 242 La. 844, 859, 139 So.2d 205, 210 (1962) (on rehearing). “[C]ourts should give effect to such agreement[s]. for it would not be consonant with the pledge of the [S]tate’s public faith, reposed in these officers by the legislative branch of our government, to permit them to repudiate bargains made with persons accused of crimes who are acting in good faith, and in reliance thereon, comply with their commitments by relinquishing valuable and fundamental rights.” State v. Hingle, 242 La. at 865, 139 So.2d at 212.
State v. Karey, 2016-0377 (La. 6/29/17), - So. 3d -, 2017 WL 2836168 (emphasis added).
The State is free to withdraw from the plea agreement up until the time the plea is entered. Id. (citing State v. Caminita, 411 So.2d 13, 16 (La. 1982), cert denied, 459 U.S. 976, 103 S.Ct. 314, 74 L.Ed.2d 291 (1982)). In this case, however, the State failed to withdraw from the plea agreement or raise any objection to it when, in ascertaining whether the defendant entered into the plea agreement knowledgeably, the trial judge specifically and repeatedly asked Mr. Foster whether he understood that his sentence was “to be served via Home Incarceration.” The defendant indisputably entered into the plea agreement with the understanding that his fifteen year sentence would be served via Home Incarceration, as did the State by failing to object to the trial judge’s representation of the plea agreement in her colloquy or withdraw from the agreement before it was finalized.
It is elementary contract law that a contract, once completed, is binding except in cases where the agreement was induced by fraud or ill-practices. Clearly, there was no fraud or ill-practice on the part of Mr. Foster in this process and, as such, it could be argued that the State is bound by the agreement. At the very least, it is clear that—contrary to the State’s argument— Mr. Foster entered into the agreement for a fifteen year sentence [sto Home Incarceration, not a fifteen-year term of imprisonment. Therefore, to hold him to the length, *445 but not means, of the sentence to which he agreed is fundamentally unfair.
The decision to grant the State’s motion to correct an illegal sentence while, at the same time, denying the defendant’s motion to withdraw his constitutionally infirm guilty plea is inequitable and an egregious abuse of discretion. Therefore, I strongly support the decision to reverse and remand this matter.
LOMBARD, J., CONCURS WITH ADDITIONAL REASONS,