2 So.2d 189

**STATE v. CHILDERS.**

No. 36155.

April 28, 1941.

C. B..Prothro, of Shreveport, for appellant.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., and James U. Galloway, Dist. Atty., of Shreveport, for the State.

HIGGINS, Justice.

The accused, J. E. Childers, was convicted of the crime of forgery and uttering. At that time, his co-defendants, A. J. Childers, E. G. Roland, E. E. Lindsay, Brad Burton, ·J. W. Jackson and George Mayhorn, were also convicted and sentenced. They appealed to this Court and we affirmed the verdicts and sentences of the district court. State v. Childers et al., 196 La. 554, 199 So. 640. See, also, Succession of Bonner, 192 La. 299, 187 So. 801.

After the defendant's conviction in the district court, the district attorney, pursuant to the requirements of Article 709, Code of Criminal Procedure, filed a bill of information in which the defendant was charged as a second offender, it being alleged that on December 1, 1927, he had been found guilty, in Bossier Parish, Louisiana, of the crime of assaulting another by wilfully shooting at him and was sentenced on December 3, 1927, to a term of not less than 7 nor more than 15 years at hard labor in the Louisiana State Penitentiary.

Upon being arraigned, the defendant pleaded not guilty and filed a plea in bar, on the ground that in December, 1933, Governor O. K. Allen had granted him a full pardon and restored to him his rights of citizenship, which had been forfeited under the conviction and sentence of December 3, 1927.

Due to the fact that the records covering the accused's alleged pardon were faulty,

the district attorney and the trial judge allowed him extensions from time to time, from April, 1940, to March, 1941, to search for the alleged lost or mislaid pardon and the records of the State Department, to determine if it could be located.

After hearing the defendant's evidence, which was not contradicted by the State, the district judge concluded that the proof was insufficient to show that a pardon had been issued. He, therefore, overruled the defendant's plea and under the mandatory provisions of Article 709, Code of Criminal Procedure, sentenced the defendant to a term of fourteen years at hard labor in the State Penitentiary, as a second offender.

The accused appealed and relies upon two bills of exception, which present the same issue, i. e., whether or not the evidence was sufficient to show that he had been pardoned.

It is conceded by the State that, if the accused had been pardoned of the first offense, he could not be convicted and sentenced as a second offender under the doctrine laid down by this Court in State v. Lee, 171 La. 744, 132 So. 219.

The defendant admitted the conviction and sentence in Bossier Parish in December, 1927, and that he served a term in the State Penitentiary thereunder, but states that his sentence was commuted and he was paroled and later pardoned by Governor O. K. Allen, in December, 1933. He says that he mislaid or lost the document evidencing his pardon and was unable to find it after diligent search. His attorney went to Baton Rouge and made a search of the records of the office of the Board of Parole, the Governor's office, and the office of the Secretary of State. He found certain documents, photostatic copies of which were introduced in evidence, tending to corroborate the testimony given by the accused.

The records of the Board of Pardons show that the first sentence of the accused was commuted from not less than 7 nor more than 15 years to not less than 2 nor more than 6 years on July 10, 1930, and that he was paroled on August 13, 1930. On this same document, in some individual's handwriting, appears the notation that he was "pardoned." Across another record from the Secretary of State's office, which gives the full history of the accused's case, showing that he made regular reports while under probation, from August 18, 1930, to December 1, 1933, in someone's handwriting, is written the word "Pardoned." These documents are certified to be correct photostatic copies of the records of the State Board of Parole and the Secretary of State's office.

Governor O. K. Allen's death occurred in 1936, and hence he was not available as a witness.

The district judge was of the opinion that the proof was inadequate to show that a pardon had been granted the accused, because neither the Board of Parole nor the Board of Pardons has the power to grant a pardon, this power being vested exclusively in the Governor of the State, under Section 10, Article 5 of the Constitution of Louisiana.

The defendant's attorney takes the position that as neither the State nor the accused could produce primary evidence of the pardon, i. e., the pardon itself, secondary evidence was admissible. He also asserts that because under Section 387 of the Code of Criminal Procedure, the accused is entitled to the benefit of every reasonable doubt (whether he is tried before a jury or judge), the State failed to show the guilt of the accused beyond a reasonable doubt. He further relies on the doctrine of legal presumption in favor of officers having correctly and faithfully discharged their duties, citing State v. Capers, 37 La. Ann. 747, 751, and Squier v. Stockton, 5 La.Ann. 120, 52 Am.Dec. 583; R.C.L., verbo "Evidence", page 27; and refers us to the case of State v. Baptiste, 26 La.Ann. 134, 135, as being in point. In that case, the accused objected to a witness (Ward) testifying on the ground that he had been previously convicted of felony and therefore disqualified as a witness. Ward claimed that he had been pardoned and restored to his citizenship and produced a pardon signed by the Governor but not approved by the Senate, as required by the law at that time. A letter from the Secretary of the Senate to the Governor, informing him that his recommendations for pardoning Ward had been received and acted upon promptly by the Senate, was introduced in evidence. The Court held that the proof was sufficient to establish the pardon.

 There is no doubt that the records covering the accused's case before the Board of Parole, the Board of Pardons and the Governor are incomplete in that they do not contain a direct record of the granting and the issuance of the alleged pardon by the Governor. Neither the State nor the accused was able to produce the pardon itself, nor any primary evidence of its existence. In the absence of such proof, secondary evidence was admissible. The testimony of the accused, supplemented and corroborated by the records of the Board of Parole, the Board of Pardons and the office of the Secretary of State covering the accused's case on which it is written in two places and on two different documents that he was pardoned, is sufficient, in our opinion, to establish a prima facie case. The State did not offer any countervailing proof and, therefore, we conclude that there was adequate evidence under the circumstances to show that a pardon had been issued to the accused. Hence, he could not be charged, convicted and sentenced as a second offender. State v. Lee, supra.

The conviction and sentence as a second offender is illegal, null and void, and will be set aside.

For the reasons assigned, it is ordered, adjudged and decreed that the conviction and sentence by the district court of the accused, as a second offender, is annulled and set aside, and the case is remanded to the district court in order that the sentence under the conviction for forgery and uttering may be imposed upon the accused.

O'NIELL, C. J., takes no part.