**Herbert Robert MURRAY, Appellant,**

**v.**

**STATE OF LOUISIANA et al., Appellees.**

**No. 21617.**

United States Court of Appeals
Fifth Circuit.
June 25, 1965.

Teddy W. Airhart, Jr., Asst. Atty. Gen. of Louisiana, Baton Rouge, La., Jack P. F. Gremillion, Atty. Gen. of Louisiana, for appellees.

Before WISDOM and GEWIN, Circuit Judges, and BOOTLE, District Judge.

GEWIN, Circuit Judge.

This is an appeal from the denial of appellant's *pro se* petition for a writ of habeas corpus. The petition, quite inartfully drawn, alleges that appellant was convicted in the Louisiana state courts upon his plea of guilty to an indictment charging him with "attempt arm-robbery." He asserts that he was sentenced under the Louisiana Habitual Criminal Act, La.Stat.Ann.Rev.Stat. § 15:529.1, on the basis of a prior Missouri felony conviction for which he had subsequently received a Missouri pardon. Although the appellant admits the existence of the Missouri conviction, he asserts that the plea of guilty was entered over his objection to the extent that the prior pardoned conviction was used to enhance his punishment.

Louisiana follows the minority rule [1] in this country that a prior conviction for which a full pardon has been given may not form the basis for a conviction under the Louisiana Habitual Criminal Act. See State v. Childers, 197 La. 715, 2 So.2d 189 (1941); State v. Lee, 171 La. 744, 132 So. 219 (1931). In the Lee case, the Louisiana court applied this rule to a Texas pardon which it examined and deemed full and complete.[2]

---

1. See Wharton's Criminal Law & Procedure (Anderson Ed. 1957) V.5, § 2219.

2. At the time the Lee case was decided, the Texas courts followed the rule that a pardon precluded use of the prior con-

On the other hand, in Missouri a pardon does not preclude use of the conviction under that state's recidivist statute. See State ex rel. Stewart v. Blair, 356 Mo. 790, 203 S.W.2d 716. The petition alleges violations of the due process, privileges and immunities, equal protection, and full faith and credit clauses of the Constitution. The district court denied the application without a hearing on three grounds: (1) the petition does not show on its face that the applicant had exhausted his state remedies; (2) it does not allege the deprivation of federally guaranteed rights or set forth a federal question; and (3) there are no allegations which would necessitate a hearing.

We are of the opinion that the petition, although virtually indecipherable does indicate that the appellant has exhausted the state remedies available to him. He asserts that he objected to the use of the conviction at his original trial. In addition, the petition states: "Petitioner will now show that by the STATE COURTS to deny all allegations in his original application for issue of a Writ of Habeas Corpus on the grounds. * *" There is also a notation on the top right hand corner of the first page of the petition that an appeal to the Louisiana Supreme Court from the denial of his application for habeas corpus in "Cause No. 47.033" was "denied." Petitioner cannot be held to the same standard of articulation in his pleadings as an attorney. We are convinced from the petition that appellant has already brought his case to the attention of the Louisiana courts by a petition for habeas corpus. Furthermore, we can take judicial notice of the state petition. Murray v. Bennett, 245 La. 575, 159 So.2d 286 (1964).

Next we reach the question whether Louisiana may constitutionally

refuse to give the same effect to a pardon granted by another jurisdiction that it would give to its own pardon under the Habitual Criminal Act. We are of the opinion that this would violate no constitutional principles. There is clearly no question here of a violation of the full faith and credit clause, since Louisiana has given the same effect to a Missouri pardon that a Missouri court would give it. See also Groseclose v. Plummer (9 Cir. 1939) 106 F.2d 311. Furthermore, we cannot find a violation of the Fourteenth Amendment. There is no reason why Louisiana cannot, under its habitual criminal statute, distinguish between its own pardoned convictions and those of other states, which may grant pardons under entirely different standards from those Louisiana employs. Louisiana has merely taken the appellant as he came to it from Missouri. We think this is within its police power. All pardons are not alike. They are not granted as a matter of right, but as an act of grace. Different states use different standards in issuing pardons and the effect of them may vary from jurisdiction to jurisdiction. See Wharton's Criminal Law and Procedure (Anderson Ed. 1957) V.5, §§ 2196, 2198, 2199. It is clear that no federal constitutional rights are violated if a state uses a pardoned conviction under an habitual criminal statute. See Carlesi v. People of State of New York, 233 U.S. 51, 34 S.Ct. 576, 58 L.Ed. 843 (1914); Groseclose v. Plummer, supra. Thus, viewing the petitioner's allegations in the light most favorable to his case, we conclude that his federal contentions are without merit. Our disposition of this issue makes it unnecessary for us to consider the additional allegations of the petition.

Affirmed.

---

viction to enhance punishment under a recidivist statute. Scrivnor v. State, 113 Tex.Cr.R. 194, 20 S.W.2d 416 (1928). Later, the Texas court overruled Scrivnor in Jones v. State, 141 Tex.Cr.R. 70, 147 S.W.2d 508 (1941). See also Square v. State, 145 Tex.Cr.R. 219, 167 S.W.2d 192 (1942). In holding that a pardoned conviction could serve as the basis for an

indictment under the habitual criminal act, the Texas court stated in Jones, 147 S.W.2d at 511:

"The Governor can forgive the penalty, but he has no power to direct that the courts shall forget either the crime or the conviction. The pages written by the court's decree are in the minutes still."