778 So.2d 1186 (2001)
STATE of Louisiana
v.
Donnis DEROUIN.
No. 00-01150-KA.
Court of Appeal of Louisiana, Third Circuit.
January 31, 2001.
*1187 William E. Tilley, District Attorney 30th JDC, Leesville, LA, Counsel for State of Louisiana.
James R. Mitchell, Attorney At Law, Leesville, LA, Counsel for Donnis Derouin.
Court composed of THIBODEAUX, PETERS, and PICKETT, Judges.
PETERS, J.
The defendant, Donnis Derouin, was initially charged by bill of information with one count of possession of marijuana with intent to distribute and one count of distribution of marijuana, both counts being violations of La.R.S. 40:966(A)(1). She initially entered not guilty pleas to both charges, but she subsequently entered into a plea bargain wherein the state dismissed the distribution charge in exchange for her plea of guilty to the remaining charge.
The trial court initially sentenced the defendant to serve five years at hard labor and pay a $750.00 fine but suspended the sentence and placed her on four years supervised probation. The state then filed a motion to reconsider the sentence, asserting that, because the defendant was a second felony offender, suspension of her sentence was prohibited by La.Code Crim.P. art. 893(A). The trial court granted the motion, vacated the original sentence, and resentenced the defendant to serve five years at hard labor, deleting the suspension previously granted. After the trial court rejected the defendant's motion to reconsider her sentence, she appealed. In her appeal, the defendant asserts that the trial court erred in resentencing her and in failing to reconsider that sentence as being excessive.
In her first assignment of error, the defendant asserts that, because she had been pardoned for the first felony conviction, that conviction could not be used to enhance her sentence for her second conviction. In making this argument, the defendant acknowledges that she was convicted of felony theft in 1993. The state does not dispute that she received the automatic pardon granted to first felony offenders pursuant to La. Const. art. IV, § 5(E)(1) and La.R.S. 15:572(B) but argues that it should not be considered for purposes of sentencing.
At the time of the defendant's pardon, La. Const. art. IV, § 5(E)(1) provided in part that "a first offender never previously convicted of a felony shall be pardoned automatically upon completion of his sentence, without a recommendation of the *1188 Board of Pardons and without action by the governor."[1] At that time, La.R.S. 15:572(B) tracked the language of La. Const. art. IV, § 5(E)(1) in statutorily implementing the pardon provision. Additionally, La.R.S. 15:572(D) provides in part:
On the day that an individual completes his sentence the Division of Probation and Parole of the Department of Corrections, after satisfying itself that (1) the individual is a first offender as defined herein and (2) the individual has completed his sentence shall issue a certificate recognizing and proclaiming that the petitioner is fully pardoned for the offense, and that he has all rights of citizenship and franchise....
(Emphasis added.)
The trial court based the five-year sentence on the provisions of La.Code Crim.P. art. 893(A), which provides in part: "The court shall not suspend the sentence ... of a second conviction if the second conviction is ... for a violation of the Uniform Controlled Dangerous Substances Law punishable by a term of imprisonment for more than five years." (Footnote omitted.) The offense of possession of marijuana with intent to distribute is punishable in part by "imprisonment at hard labor for not less than five years nor more than thirty years." La.R.S. 40:966(B)(2). Thus, absent the pardon issue, the sentence imposed is clearly authorized by law.
While La.R.S. 15:572 is silent concerning its effect on the sentencing pursuant to La.Code Crim.P. art. 893(A), it is express in providing that it has no effect on the sentencing of second or multiple offenders under La.R.S. 15:529.1. See La.R.S. 15:572(E). The defendant asserts that, had the legislature intended for La.Code Crim.P. art. 893(A) to be exempt from the effects of a pardon, that intent would have been stated in the same manner as La.R.S. 15:572(E), which exempts La.R.S. 15:529.1 from its effect.
At the outset, we reject the argument that the failure of the legislature to refer to the suspension provision of La.Code Crim.P. art. 893(A) in La.R.S. 15:572(E) establishes a legislative intent that the provision not apply to an individual receiving an automatic pardon. In doing so, we recognize that the provision under which the defendant was sentenced only became a part of La.Code Crim.P. art. 893 by Acts 1994, 3rd Ex.Sess., No. 100, § 1, or long after La.R.S. 15:572(E) became law. In other words, the legislature could not have contemplated the effect of La.Code Crim.P. art. 893 on La.R.S. 15:572 because La.Code Crim.P. art. 893 had not yet been adopted into law at the time of the enactment of La.R.S. 15:572.
Further, while we have not found jurisprudence directly addressing the automatic pardon provision in the context of sentence suspension, there is jurisprudence holding that the automatic pardon provision does not preclude consideration of a prior conviction in different contexts. In State v. Wiggins, 432 So.2d 234 (La.1983), the supreme court explained that the automatic pardon provision did not erase a defendant's status as a convicted felon for purposes of the prohibition against a felon possessing a firearm under La.R.S. 14:95.1. In State v. Riser, 30,201 (La.App. 2 Cir. 12/12/97); 704 So.2d 946, the second circuit also held that the automatic pardon provision did not preclude consideration of the defendant's prior conviction in connection with the prohibition against a felon possessing a firearm. In reaching this conclusion, the second circuit analyzed the effect of the automatic pardon provision on the restoration of a convicted felon's rights *1189 and, quoting from State v. Adams, 355 So.2d 917, 922 (La.1978), stated the following:
Interpreting three separate Louisiana constitutional provisions, the jurisprudence has drawn distinctions between three situations involving the restoration of certain rights and privileges to convicted felons. In the first instance, where no pardon has been granted but the individual has served his sentence and is beyond the time of supervision by the state, La. Const. art. 1, § 20 provides that full "rights of citizenship" are restored. These "rights of citizenship" have been interpreted, however, as comprising only a limited number of customary rights that a citizen may exercise, such as the rights to vote, work and hold public office. State v. Selmon, 343 So.2d 720 (La.1977); State v. Amos, 343 So.2d 166 (La.1977).
At the opposite end of these situations, where the individual receives a full executive pardon by the governor, upon recommendation of the Department of Corrections, he is restored to the "status of innocence." See the first sentence of La. Const. art. 4, § 5(E)(1) quoted above; State v. Childers, 197 La. 715, 2 So.2d 189 (1941); and State v. Lee, 171 La. 744, 132 So. 219 (1931).
Finally, the Louisiana Supreme Court recognized in State v. Adams, 355 So.2d 917 (La.1978), that there is a third situation, addressed in the second sentence of Art. 4, § 5(E)(1), that provides an automatic pardon to the first time offender upon completion of his sentence. In Adams, the defendant was convicted of armed robbery and the trial court sentenced him, as a second offender, to twenty-five years at hard labor. On appeal, the defendant asserted that the trial court erred in adjudicating him a second offender because the automatic, first offender pardon precluded the use of his first conviction as a basis for sentencing under the habitual offender statute.
The high court held in Adams that although a full and complete pardon by the governor would preclude the use of a pardoned offense to enhance punishment, the automatic, first offender pardon established by Art. 4, § 5(E)(1) was not equivalent to a full executive pardon. The Court stated:
... We recognize that there is a difference in the effect of a "pardon" under Art. 4, § 5(E)(1), and restoration of "full rights of citizenship" under Art. 1, § 20. Art. 1, § 20 restores only the basic rights of citizenship, such as the right to vote, work or hold public office. On the other hand, Art. 4, § 5(E)(1) restores privileges as well as rights, such as the privilege of holding a liquor license. That does not mean, however, that the automatic pardon provision restores the status of innocence to the convict who has merely served out his sentence.
* * * * * *
A full pardon granted by the governor has presumably been given the careful consideration of several persons who have taken into account the circumstances surrounding the offense, and particular facts relating to the individual. We do not feel, however, that the delegates to the 1973 Constitutional Convention, in including this provision in the 1974 Constitution (or the legislature before them in proposing a similar amendment to Art. 5, § 10 of the 1921 Constitution, La. Acts 1968, No. 662, § 1), intended that service of one's sentence be the only prerequisite for restoration of the status of innocence. If the legislature had intended that a first offense could not be relied upon for enhancement of punishment, it could easily have said so.
Hence, we hold that the automatic pardon provision of Art. 4, § 5(E)(1) does not preclude consideration of a first felony conviction in adjudicating a person as a habitual offender.

*1190 Id. at p. 922.
Riser, 704 So.2d at 949.
Likewise, we find that the automatic pardon provision of La. Const. art. IV, § 5(E)(1) does not in and of itself alter the prohibition against certain sentence suspensions under La.Code Crim.P. art. 893(A). Thus, we conclude that the trial court did not err in granting the state's motion and resentencing the defendant pursuant to the provisions of La.Code Crim.P. art. 893(A).
In her second assignment of error, the defendant asserts that the trial court erred in not reconsidering her sentence as being excessive. In sentencing the defendant, the trial court concluded that it was statutorily prohibited from suspending the defendant's sentence. The trial court's specific comments at the time of sentencing were as follows:
I have reviewed Article 893 thoroughly. I have researched it, and, I cannot see where there is any leeway for the court. I think it's clear, to me at least after the State pointed it out, that the court could not suspend the sentence that was imposed because of the facts of this particular defendant's situation. As I said, she was convicted of a prior felony in '93, and, it'swhile it's true that she received a first felony offender pardon, which is the automatic pardon, I don't find anything, or, didn't find anything that indicated that that pardon erased from the records, and, for future consideration, the fact that it was a prior felony conviction under the application of Article 893. [Defense counsel], while your point that it should have that affect [sic] may be something this court might be inclined to agree that it should, I don't find that it does. I'll say this for the record, and, I told you this a moment ago outside of the court proceedings, it's somewhat seems to be quite harsh to me where an individual can benefit from the passage of time when it comes to consideration of sentencing for habitual offender proceedings, there is a time limitation for consideration of prior offenses, but, I find none in this, so, conceivably, an individual who committed an offense forty years ago under 893 would lose eligibility if they were convicted of a particular enumerated offense. I question the wisdom of the Statutes in saying if they are an habitual offender you can only go so far back, but, under 893 you can go as far back as you want, or, at least that's the way I interpret it. So, I think that the application, under these circumstances, in my opinion, is harsh, probably too harsh, but, what I think really doesn't matter anymore because the law is the law and I have to follow the law, unless the Court of Appeals states that I was correct.
We find that the trial court erred in concluding that it was statutorily prohibited from sentencing the defendant below the statutory minimum. In State v. Dorthey, 623 So.2d 1276, 1280 (La.1993), the supreme court stated:
[W]e recognize that the review of sentencing, including sentencing under R.S. 15:529.1, is a long established function of the judicial branch. Accordingly, Louisiana's judiciary maintains the distinct responsibility of reviewing sentences imposed in criminal cases for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762 (La.1979). According to Sepulvado, the 1974 Louisiana Constitution, Article I, Section 20 "`gives the courts, in the exercise of their judicial power, a basis for determining that sentences, whether fine, imprisonment or otherwise, though not cruel or unusual, are too severe as punishment for certain conduct and thus unconstitutional. It is a basis for extending the court's control over the entire sentencing process.'" Id. at 766, citing "The Declaration of Rights of the Louisiana Constitution of 1974", 35 La.L.Rev. 1, 63 (1974). Thus, "[t]he imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment ..." Id. at 767. *1191 Accordingly, under the 1974 Constitution "the excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court." Id. at 764.
"A punishment is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime." State v. Scott, 593 So.2d 704, 71[1] (La.App. 4th Cir.1991); State v. Lobato, 603 So.2d 739, 751 (La. 1992).
(Footnote omitted.)
The supreme court further recognized in State v. Fobbs, 99-1024 (La.9/24/99); 744 So.2d 1274, that the holding in Dorthey was not restricted to only sentences imposed pursuant to the habitual offender law.
Although we find that the trial court erred in its assessment of the degree of discretion it had in sentencing the defendant, we also find that the defendant's sentence is not excessive. The trial court imposed the minimum period of incarceration available under La.R.S. 40:966(B)(2) and, in doing so, stated that it considered the same factors and reasons as were considered in the original sentencing proceeding. In the original sentencing proceeding, the trial court stated that it considered the defendant's presentence investigation report as well as the sentencing guidelines found in La.Code Crim.P. art. 894.1. Further, the trial court commented that drug trafficking always constitutes an economic harm to society and that the defendant had no grounds to justify her conduct. The trial court also noted that, while the defendant's former live-in boyfriend was the principal drug dealer involved in the drug trafficking activity, the defendant had allowed her boyfriend to sell the drugs from her home and was not entirely blameless.
In mitigation, the trial court considered that the defendant was forty-three years old with six children to support and was a high school graduate. While noting that the defendant had satisfactorily completed her five-year probation period for the first felony conviction, the trial court also noted that the defendant acknowledged a daily marijuana habit. In the original sentencing, the trial court merely stated that it was giving the defendant the opportunity to raise her children and remain out of jail through the suspended sentence.
In State v. Dubroc, 99-730 (La.App. 3 Cir. 12/15/99); 755 So.2d 297, 311, this court held:
To constitute an excessive sentence, this court must find the penalty imposed is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals; and, therefore, it is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981). The trial court is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Pyke, 95-919 (La. App. 3 Cir. 3/6/96); 670 So.2d 713.
Given the minimum nature of the sentence imposed, the prior felony conviction, and the benefit gained by the defendant through the plea bargain, we cannot conclude that the penalty imposed is so grossly disproportionate to the severity of the crime of possession with intent to distribute marijuana as to shock our sense of justice or that the five-year sentence makes no measurable contribution to acceptable penal goals. Thus, we find no merit in the defendant's assignments of error.

DISPOSITION
For the foregoing reasons, we affirm the defendant's conviction and sentence in all respects.
AFFIRMED.
THIBODEAUX, J., dissents and assigns written reasons.
*1192 THIBODEAUX, J., dissenting.
The five-year sentence is excessive under the circumstances of this case. The comments of the trial judge are in accord with this assessment. However, the trial judge, in my view, felt he was compelled to impose this sentence. As the majority points out, State v. Dorthey, 623 So.2d 1276 (La.1993) and State v. Fobbs, 99-1024 (La.9/24/99); 744 So.2d 1274 allow the trial court the discretion to sentence a defendant below the statutory minimum under certain circumstances. I would, therefore, remand the case to the trial court to allow it to determine whether the minimum sentence mandated by La.Code Crim.P. art. 893 and La.R.S. 40:966(B)(2) is constitutionally excessive as applied to Ms. Derouin.
For the foregoing reasons, I respectfully dissent.
NOTES
[1] Louisiana Constitution art. IV, § 5(E)(1) was amended by Acts 1999, No. 1398, § 1, to limit the automatic pardon to a first offender "convicted of a non-violent crime, or convicted of aggravated battery, second degree battery, aggravated assault, mingling harmful substances, aggravated criminal damage to property, purse snatching, extortion, or illegal use of weapons or dangerous instrumentalities...." However, the limitation in this amendment has no effect on the case before us now.