806 So.2d 308 (2001)
Herbert John MOORE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00711-COA.
Court of Appeals of Mississippi.
October 16, 2001.
Rehearing Denied January 29, 2002.
*309 Harry B. Ward, Bay St. Louis, Attorney for Appellant.
Office of the Attorney General by John R. Henry, Jr., Jackson, Attorney for Appellee.
Before SOUTHWICK, P.J., IRVING, and MYERS, JJ.
*310 MYERS, J., for the Court:
¶ 1. This case comes from the Circuit Court of Hancock County, Mississippi, Honorable Jerry O. Terry, Jr., presiding. Herbert John Moore was tried and convicted of felony driving under the influence and was sentenced to five years in the custody of the Mississippi Department of Corrections with two years suspended. After being convicted, Moore presented a motion for a new trial which was summarily denied. From the denial of that motion, Moore appeals raising the following issues:
1. WHETHER THE TRIAL COURT ERRED IN NOT SUPPRESSING DEFENDANT'S TWO PRIOR CONVICTIONS OR IN THE ALTERNATIVE, NOT BIFURCATING THE TRIAL IN TWO PHASES: A GUILT PHASE AND A SENTENCING PHASE;
2. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING DEFENDANT'S MOTION FOR A NEW TRIAL ON THE BASIS OF DISCOVERY OF NEW EVIDENCE;
3. WHETHER THE TRIAL COURT ERRED IN ALLOWING RETAINED COUNSEL TO WITHDRAW FROM THE CASE;
4. WHETHER THE TRIAL COURT ERRED BY FAILING TO SUPPRESS THE AUDIO RECORDINGS ON THE VIDEO OF THE DEFENDANT; AND
5. WHETHER THE TRIAL COURT ERRED IN DENYING DEFENDANT'S INSTRUCTIONS D-2 AND D-3.

STATEMENT OF THE FACTS
¶ 2. In the early morning hours of July 4, 1997, Herbert John Moore was stopped by an officer of the Bay St. Louis Police Department for reckless driving. The officer who stopped Moore was a registered Master Field Sobriety Instructor and his patrol car was equipped with video cameras and wireless audio microphones. The patrol officer administered field sobriety tests to Moore who reeked of alcohol and had bloodshot, glassy eyes. Moore failed the field sobriety tests but was not arrested. Moore was then taken to the Bay St. Louis Police Station where the patrol officer requested that Moore take the Intoxilyzer breath test. Moore refused to take the test. At this point Moore was arrested for driving under the influence of alcohol.
¶ 3. At trial Moore was charged with felony driving under the influence of alcohol. This charge resulted because Moore had been convicted on two prior occasions of driving under the influence of alcohol within the past five years. The two prior convictions escalated the crime of driving under the influence of alcohol from a misdemeanor to a felony. Miss.Code Ann. § 63-11-30(1)(c) (Rev.1996). One of the prior convictions of driving under the influence was from the State of Louisiana that was "pardoned" upon Moore satisfying his sentence. Moore petitioned for a new trial based on the pardon of one of Moore's prior convictions which the trial court denied. From the denial of that motion, Moore brings this appeal.

STANDARD OF REVIEW AND LEGAL ANALYSIS

1. WHETHER THE TRIAL COURT ERRED IN NOT SUPPRESSING DEFENDANT'S TWO PRIOR CONVICTIONS OR IN THE ALTERNATIVE, NOT BIFURCATING THE TRIAL IN TWO PHASES: A GUILT PHASE AND A SENTENCING PHASE.
¶ 4. Moore asserts that the admittance into evidence of his two prior driving *311 under the influence (DUI) convictions is prejudicial to him and the probative value of the convictions is not outweighed by their prejudicial impact. It is clear that the two prior convictions are elements of the felony DUI offense. Weaver v. State, 713 So.2d 860, 865(¶ 31) (Miss.1997). Traditionally, the prior convictions are included in the indictment which is read to the jury and the prosecution presented evidence of the prior convictions during its case-in-chief. Id.
¶ 5. The question before this Court was recently considered by the Mississippi Court in its decision in Strickland v. State, 784 So.2d 957 (Miss. 2001). In Strickland, four members of the supreme court held that "[t]he prior convictions are only relevant as to sentencing and should only be admitted during a separate sentencing phase." Id. at 962 (¶ 20). Because the Strickland decision is a plurality decision on the point of whether a bifurcated trial is required, it has no precedential value. Churchill v. Pearl River Basin Dev. Dist., 619 So.2d 900, 904 (Miss. 1993). We also note that Moore failed to object to the introduction of the prior DUI convictions at tial and therefore waived his right to object on appeal. As this issue was not raised at trial, it is procedurally barred from review by this Court. Harris v. Lewis, 755 So.2d 1199, 1204 (¶ 15) (Miss. Ct.App.1999).

2. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING DEFENDANT'S MOTION FOR A NEW TRIAL ON THE BASIS OF DISCOVERY OF NEW EVIDENCE.
¶ 6. This issue addresses the "pardon" granted to Moore by the State of Louisiana. Louisiana grants an automatic pardon to first offenders upon completion by the offender of his sentence. La.Rev. Stat. Ann. § 15:572(D) (West 1992). The statute also provides that a person receiving a pardon under this statute "may be charged as a second or multiple offender." Id. at § 15:572(E). The automatic pardon does not restore the status of innocence to the recipient of the pardon. State v. Adams, 355 So.2d 917, 922 (La.1978). The State of Louisiana allows the prosecution to use the first felony conviction to enhance the sentence of a later conviction. Catanese v. Louisiana Gaming Control Bd., 712 So.2d 666, 669 (La.Ct.App.1998).
¶ 7. The question remains what treatment Mississippi courts may give to the Louisiana automatic pardon. The Court of Appeals for the Fifth Circuit answered that question in its decision in Murray v. State of Louisiana, 347 F.2d 825 (5th Cir. 1965). In Murray, the Fifth Circuit announced that it is not a violation of the Full Faith and Credit Clause for a state to give the same effect to the pardon that the rendering state would give to the pardon. Id. at 827. It follows then, that Mississippi may use the Louisiana automatic pardon to the same extent that Louisiana uses it. Therefore, the Louisiana pardon would have no effect on the pardoned conviction being utilized to enhance Moore's sentence which is essentially the function of Mississippi's felony DUI law. The prosecution may use Moore's "pardoned" conviction as one of the prior DUI convictions occurring within the past five years.

3. WHETHER THE TRIAL COURT ERRED IN ALLOWING RETAINED COUNSEL TO WITHDRAW FROM THE CASE.
¶ 8. Moore next challenges the trial court's decision allowing his retained counsel to withdraw from the case. There is no indication in the record that Moore raised this issue at the trial level. Therefore, this issue is procedurally barred from *312 review by this Court. Douglas v. Blackmon, 759 So.2d 1217, 1220(¶ 9) (Miss.2000); Harris v. Lewis, 755 So.2d 1199, 1204(¶ 15) (Miss.Ct.App.1999); Wright v. White, 693 So.2d 898, 903 (Miss.1997).

4. WHETHER THE TRIAL COURT ERRED BY FAILING TO SUPPRESS THE AUDIO RECORDINGS ON THE VIDEO OF THE DEFENDANT.
¶ 9. The admissibility of videotapes is determined by the sound discretion of the trial court. Spann v. State, 771 So.2d 883, 896(¶ 36) (Miss.2000). The videotape and its audio tract are useful to the jury for purposes of clarifying the patrol officer's testimony and assisting the jury in understanding what actually occurred. Id. at (¶ 37). The trial court allowed the tape to be edited based on Moore's objections so that both the video and audio would be as fair to Moore as possible.
¶ 10. Moore contends that he should have been given Miranda warnings before the videotape and its resulting audio were permitted to record his words and behavior. According to the record, Moore was not arrested until he refused to submit to the Intoxilyzer breath test at the police station. The recorded conversation between Moore and the police officer was investigatory in nature and conducted on the scene. Miranda warnings do not have to be given in that situation. Nathan v. State, 552 So.2d 99, 103 (Miss.1989).
¶ 11. Moore also suggests that the narrative given by the police officer of events occurring before the video was recorded was prejudicial to the accused raising an issue under Mississippi Rule of Evidence 403. In considering whether such evidence is prejudicial to the accused, the trial court must weigh the probative value of the evidence against the prejudicial impact to Moore and determine whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice. Brown v. State, 749 So.2d 204, 210(¶ 10) (Miss.Ct.App.1999). The trial court is given "broad discretion" when weighing these factors. Id. Here the officer's statements described Moore's actions and the reasons the officer stopped Moore. This Court will only reverse on this ground if the trial court abused its discretion in admitting the evidence. Id. These statements clearly had probative value. The trial court did not, therefore, abuse its discretion in allowing the evidence to be presented to the jury.

5. WHETHER THE TRIAL COURT ERRED IN DENYING DEFENDANT'S INSTRUCTIONS D-2 AND D-3.
¶ 12. Moore's last contention of error is the denial of instructions D-2 and D-3. When this Court reviews jury instructions, it views all the instructions as a whole rather than examining individual instructions. Jackson v. Daley, 739 So.2d 1031, 1037(¶ 21) (Miss.1999). Moore requested that the court give the following two instructions:
D-2: You the jury are instructed that the phrase under the influence of alcohol does not necessarily mean intoxicated or drunk, nor is their a standard quantity of alcohol a person must consume before he is regarded as being under the influence. The fact of driving under the influence is not established by intoxication to the slightest degree, but the degree of influence must be of such a level as to render the Defendant impaired and incapable of safely operating a motor vehicle.
In order to be considered under the influence, the level of intoxication of the Defendant must have been of such a *313 degree as to impair his ability to operate a motor vehicle.
D-3: The Court instructs you the jury that you must find beyond a reasonable doubt that the defendant was under the influence of alcohol which impaired his ability to operate a motor vehicle at the time and place the Defendant was driving the motor vehicle. If you do not find these elements to have occurred at the same time, then you must find the Defendant not guilty. In other words, if you find that the Defendant had consumed an amount of alcohol, but the alcohol did not impair his ability to operate a motor vehicle at the time and place he was driving his motor vehicle on the night and time in question, then you must find the Defendant not guilty.
¶ 13. Instead, the trial court granted the following instruction:
D-5: You the jury are instructed that in the State of Mississippi it is not illegal to drive after having consumed a quantity of alcohol. It is therefore, not unlawful to drink alcoholic beverages and then drive or operate a motor vehicle in this State. The prohibition is against driving under the influence of alcohol, which impairs a person's ability to operate said motor vehicle. But not every person who has consumed an alcoholic beverage and operates a motor vehicle is in violation of the law. The person who is not under the influence of alcohol is the one who consumes an alcoholic beverage and is not thereby impaired in the operation of a motor vehicle.
The mere fact that the Defendant may have consumed a quantity of an alcoholic substance and drove or operated a motor vehicle is not in and of itself unlawful, and unless the Defendant's ability to operate a motor vehicle was impaired by reason of having consumed an alcoholic substance which was the cause of the impairment, then you should find the Defendant not guilty.
Moore's instruction D-5 adequately explains the areas of law presented in Moore's instructions D-2 and D-3. It is not error for the trial court to refuse to grant repetitive instructions. Id. Because the instructions on under the influence found in D 5 adequately defines the proposition, it was not error for the trial court to deny instructions D 2 and D 3.

CONCLUSION
¶ 14. The decision of the trial court finding Moore guilty is affirmed as we can find no error in the trial court failing to bifurcate the trial into two phases. As discussed above, Moore's other points of error are without merit.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY OF CONVICTION OF FELONY DRIVING UNDER THE INFLUENCE AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWO YEARS SUSPENDED IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO HANCOCK COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.